CHARLES W. YOUNG, complainant-respondent,

*v.*

McLAUGHLIN-CONOVER COMPANY, defendant-appellant.

[Submitted May 27th, 1932.  Decided October 17th, 1932.]

*Mr. John Rauffenbart* and *Mr. Samuel Morris,* for the appellant.

*Mr. Emerson L. Richards,* for the respondent.

The opinion of the court was delivered by

DONGES, J.

This is an appeal from a decree of the court of chancery, awarding specific performance of a contract for the sale and purchase of real estate, on a bill filed by the vendee against the vendor.

The agreement was dated November 7th, 1929, and by the terms thereof appellant agreed to convey certain lots in Ocean City to respondent in consideration of the transfer to it by him of ten thousand shares of the capital stock of National Land Value Refunding Company of New York, Incorporated, standing in his name, and endorsed not to be transferred on the books of the corporation before December 1st, 1929.  Settlement was to be made on forty-eight hours' notice by Ocean City Title and Trust Company, which company was to handle the settlement.

On November 23d, 1929, notice was given that settlement was fixed for Monday, November 25th, 1929. Defendant-appellant did not appear but the complainant appeared and made an offer of four stock certificates of the National Land Value Refunding Company stock, each for two thousand five hundred shares. The present bill was filed November 28th, 1929.

The defense went along two lines, first, that the complainant-respondent had made fraudulent representations as to the value of the stock of the National Land Value Refunding Company, and second, that the bill was prematurely filed because complainant did not have transferable title to the stock, because of the endorsement on the certificates to the effect that they could not be transferred of record until after December 1st, 1929. These are the matters argued on this appeal.

The appellant asserts that the trial court erred in excluding testimony offered by appellant to show fraud on the part of Young with respect to representations of the value of the National Land Company stock. The agreement of sale contained the following statement: "No representations have been made as to the value of the said stock by Mr. Young." This clause was inserted at the request of Young. The vice-chancellor declined to receive any testimony to contradict this statement in the contract or to show fraud in the making of the contract.

The petition of appeal gives the ground of appeal as follows:

"And petitioner appeals from the whole and every part of the said decree of the chancellor as aforesaid, upon the ground that the same is erroneous for that by the evidence and according to the law of the land, the complainant was not entitled to the relief prayed for nor any other relief, and the said decree is contrary to equity."

The grounds of appeal do not present the point concerning the exclusion of testimony. It is well settled that an appellant cannot be permitted to attack a decree in chancery upon a ground of appeal which is nowhere stated in his petition

of appeal. *New Jersey Building Loan and Investment Co. v. Lord, 66 N. J. Eq. 344; Supplee v. Cohen, 81 N. J. Eq. 500.*

The second point is that a tender of the stock was valueless before December 1st, 1929. The contract recited:

> "All of the foregoing property for and in consideration of ten thousand shares of the common stock of the National Land Value Refunding Company of New York, Incorporated. Said stock now being in the name of Charles W. Young and stamped not to be transferred prior to December 1st, 1929."
>
> "Settlement to be made on forty-eight hours' notice by the Ocean City Title and Trust Company."

The contract was specific upon this point. The parties could so agree and the vendor cannot be heard to complain that he agreed to take the certificates and defer transfer on the books of the company until the date mentioned on the certificates and in the contract. We see no error in the view adopted by the trial judge.

The decree under review will be affirmed.

*For affirmance*—THE CHANCELLOR, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, BROGAN, VAN BUSKIRK, KAYS, DEAR, WELLS, KERNEY, JJ. 13.

*For reversal*—None.